UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RUSSELL DAVIS, | CASE NO. 4:17CV1126 |
| Petitioner, | JUDGE JACK ZOUHARY |
| v. | Magistrate Judge George J. Limbert |
| OHIO STATE BOARD OF PAROLE, | |
| Respondent. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

On May 13, 2017, pro se Petitioner Russell Davis ("Petitioner") executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was filed with this Court on May 30, 2017. ECF Dkt. #1[1]. In his petition for a writ of habeas corpus, Petitioner requests that this Court issue an Order cancelling a warrant and detainer imposed against him by the Ohio State Board of Parole ("Respondent").

On September 21, 2017, this case was referred to the undersigned for a Report and Recommendation as to the § 2241 petition. On October 26, 2017, Respondent filed a Return of Writ, indicating that it granted Petitioner final release from Ohio parole on June 20, 2016 and it does not currently have an active warrant or detainer on Petitioner. ECF Dkt. #5 at 1. Respondent asserts that because it no longer has an active warrant and detainer for Plaintiff and therefore it is not a "custodian" of Petitioner for § 2241 purposes. *Id*. Respondent requests that the Court dismiss Petitioner's § 2241 federal habeas corpus petition. *Id*. Petitioner did not file a response or Traverse.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's § 2241 federal habeas corpus petition in its entirety with prejudice. ECF Dkt. #1.

## I. SYNOPSIS OF THE FACTS

According to Petitioner in his § 2241 federal habeas corpus petition, in March of 2001, he was "arrested and detained by the State of Ohio for Felony Charges in case No. 15-CR-093835. Davis was sentenced on October 2, 2003 and was eventually released on 6/20/11 and placed on

---

[1] Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

probation for a term of 3 years. After his successful completion of probation he was then placed on Parole, his "max" out date was June 23, 2016." ECF Dkt. #1 at 1 at 1. Petitioner continues that while was on parole, he was arrested in Ohio on April 12, 2016 and thereafter indicted in Case Number 1:16CR260 in this Court in September of 2016. *Id*. Petitioner indicates that the state criminal charges were dismissed when he was federally indicted. *Id*. He states that as of May 13, 2017 when he filed the instant petition, he was in federal pretrial detention pending the outcome of his case in this Court. *Id*.

Petitioner goes on to allege that "[t]he State Parole Board promptly lodged a detainer against him. Mr. Davis was not given any reason as to why the detainer was issued against him, nor was he given a revocation hearing." ECF Dkt. #1 at 2. Plaintiff alleges that he is seeking federal habeas corpus relief under § 2241 in this case because the detainer is causing him undue prejudice, and his Fifth Amendment rights were violated because he was never afforded a parole board hearing and the Ohio Parole Board never made a determination on the parole violation. *Id*.

Respondent asserts that Petitioner's allegations are factually untrue and attaches its records and a sworn statement from its Representative and Records Custodian. ECF Dkt. #5, #5-1, #5-2. Respondent posits that these records show that it granted Petitioner a favorable final release from Ohio parole on June 20, 2016 and it has no current detainer or warrant lodged against him. ECF Dkt. #5. Respondent contends that because it does not have an active detainer or warrant against Petitioner, it is not a "custodian" of Petitioner for § 2241 purposes and it cannot grant the requested relief that Petitioner seeks, which is to produce him, and for this Court to set aside, void, or cancel the detainer and/or warrant lodged against him by Respondent and the State of Ohio. *Id*. at 2.

Respondent also points out that on May 8, 2017, Petitioner filed an unsigned § 2241 federal habeas corpus petition in this Court presenting the identical allegations concerning the detainer/warrant for parole violations that he presents in the instant § 2241 federal habeas corpus petition. ECF Dkt. #5 at 2-3, citing Case Number 1:17CV977, captioned *Davis v. United States of America*. In that case, Judge Boyko of this Court conducted an initial screening of Petitioner's § 2241 federal habeas corpus petition and dismissed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, holding that Due Process is triggered only when the parolee is taken into

custody for the parole violation and not when the warrant or detainer is lodged and Petitioner failed to allege that he was taken into custody pursuant to the warrant or detainer. ECF Dkt. #2 at 1-2 in Case Number 1:17CV977.

## II. LAW AND ANALYSIS

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (internal citations omitted). "Article III denies federal courts the power 'to decide questions that cannot affect the rights of the litigants in the case before them.'" *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). It is well settled that the parties must continue to have a personal stake in the outcome. *Lewis*, 494 U.S. at 477; *Los Angeles v. Lyons,* 461 U.S. 95 (1983); *Baker v. Carr*, 369 U.S. 186 (1962).

Further, 28 U.S.C. § 2241(c)(3) provides that a writ of federal habeas corpus under § 2241 "shall not extend to a prisoner unless– (3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States." There are limited exceptions to this rule, including when the released petitioner can establish that he will suffer future collateral consequences as a result of the detention or that the case is "capable of repetitive, yet evading review." *Lane v. Williams*, 455 U.S. 624, 632 (1982). In addition, a § 2241 federal habeas corpus petition must be filed against the entity that has custody or control over the petitioner. 28 U.S.C. § 2243 provides that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained...[and t]he person to whom the writ or order is directed shall make a return certifying the true cause of detention." *Rumsfeld v. Padilla*, 542 U.S. 426, 438, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004)(where "a habeas petitioner challenges a form of 'custody' other than present physical confinement," the proper respondent in such a case is "the entity or person who exercises legal control with respect to the challenged custody.").

Respondent's exhibits attached to its Return of Writ confirm Respondent's assertions concerning Petitioner's favorable final release from Ohio parole and that no active or current detainer or warrants are pending against Petitioner by the Ohio Parole Board. Respondent attaches an Ohio Adult Parole Authority Final Release from Supervision form indicating that Petitioner's

release on parole was deemed favorable and effective on June 20, 2016. ECF Dkt. #5-1 at 1. Respondent also attaches an affidavit from Ohio Adult Parole Authority Parole Program Specialist Rebecca Vogel, who attests that she has access to record-keeping systems of the Ohio Adult Parole Authority, she searched all of those accessible records in connection with the instant case, and she found no active parole violator at large warrants or detainer warrants for Petitioner. ECF Dkt. #5-2. Petitioner has not responded to these assertions and has not rebutted them.

The undersigned recommends that the Court dismiss Petitioner's instant § 2241 federal habeas corpus petition. Respondent has provided sufficient evidence showing that it does not have legal custody of Petitioner and thus cannot produce Petitioner. In addition, this Court cannot issue Petitioner the relief that he seeks since his claim for relief is to have the Court "set aside, void or cancel the detainer and/or warrant lodged against him by the Ohio Board of Probation and Parole and the State of Ohio" when no such detainer and/or warrant exists against Petitioner by the Ohio Parole Board. Moreover, Petitioner does not allege that he will suffer any collateral consequences, or that this case is otherwise capable of "repetition, yet evading review." *See Spencer,* 523 U.S. at 17.

### III. CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's § 2241 federal habeas corpus petition (ECF Dkt. #1) in its entirety with prejudice.

DATE: January 7, 2019           */s/ George J. Limbert*
                                GEORGE J. LIMBERT
                                UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).